THE PLANTERS' WAREHOUSE COMPANY *et al. vs.* JOHNSON, executor, *et al.*

1. Directors and shareholders of a corporation are *quasi* trustees, and without special power under the charter, cannot bind the corporation or its assets by a contract to pay usury.
2. Under the facts of this case an injunction is ordered on terms.

Equity. Injunction. Interest and usury. Corporations. Before Judge SIMMONS. At Chambers. Bibb county. February 22, 1879.

The Planter's Warehouse Company *et al.* filed their bill for injunction and account against Johnson, executor, *et al.*

The bill, answers and affidavits showed, in brief, the following facts :

Sometime prior to July 25th, 1870, Duncan, Sherman & Company foreclosed a mortgage against the Planters' Warehouse Company for the sum of $20,420.57, said mortgage *fi. fa.* bearing interest at the rate of seven per cent. per annum. The Planters' Warehouse Company being unable to meet this debt, the defendants in the bill (who were at that time directors, and a majority of directors, in said company), on said 25th day of July, 1870, advanced said sum to Duncan, Sherman & Company, and took an assignment of said mortgage *fi. fa.* from said Duncan, Sherman & Company, but without the knowledge or consent of the Warehouse Company, or of complainants, who were stockholders therein.

The majority, in number and value, of the assignees of this *fi. fa.* is a majority, in number and value, of the shareholders in said company, and a majority of the directors of said company. No action was taken by the company to pay said assignees any rate of interest whatever for said advance, but it appears from the pleadings that the president of the company, one of the owners of the *fi. fa.*, who, after said assignment, became interested in the same, did pay to the owners of the *fi. fa.*, from the assets of the company, nineteen per cent. per annum up to the 1st day of April, 1871, and, from said last mentioned date, 18 per cent. per annum up to 1st day of April, 1875, and, from that time, 12 per cent. per annum until the 1st day of January, 1876, and then 7 per cent. per annum up to the filing of the bill. This was done with the understanding that they would forbear to enforce the *fi. fa.*

The company claims by its bill, that no authority was ever given by the directors in meeting assembled to pay any other than the rate of interest established by the statute.

Defendants set up, by their answers and affidavits, that whilst it may be true that there was no formal agreement

by the company to pay the above-mentioned rates of interest, yet such an agreement was understood to exist between the directors of the company and the assignees, and that agreement was subsequently ratified through the series of years during which this interest was paid.

One of defendants did, on several occasions, advocate at meetings of the stockholders the issuing of bonds by the company to fund this debt due to said assignees, and said arrangement was commenced but never perfected.

It appears from the pleadings that there never has been any settlement or accounting between the assignees and said company on account of moneys paid in excess of the lawful rate of interest—that is, seven per cent. per annum; but defendants claim that each payment was complete in itself, and not a mere item requiring a general accounting. They, therefore, set up the statute of limitations as to usury.

The assignees being about to sell the property of the Warehouse Company, the company and various stockholders, who appear as complainants (none of said stockholders or the company being interested in said *fi. fa.*), filed this bill to have an accounting between the assignees and the company, praying that the difference between what the company actually owed and what the defendants claimed might be ascertained according to the rules of law, and offering to pay any amount that may be found legally due upon the said *fi. fa.*, but averring that if anything is due, which they do not believe, it is a very small sum.

Defendants say that two parties, who are nominally defendants because of their interest in the *fi. fa.*, are really the moving complainants, and, also, that the company was made a party without proper authority from its officers, etc.

The injunction was refused, and complainants excepted.

WHITTLE & WHITTLE; W. DESSAU, for plaintiffs in error, cited. 9 *Ga.*, 30, 594; 52 *Ib.*, 69; 54 *Ib.*, 190; 59 *Ib.*, 546, 584; 60 *Ib.*, 221.

LOFTON & BARTLETT; BACON & RUTHERFORD; LYON & GRESHAM, for defendants, cited 3 Barn. & Cres., 257; 19 John., 294; Tyler on Usury, 413, 401; 59 *Ga.*, 584; acts 1871, p. 75; acts 1875, p. 105; 10 *Ga.*, 389; 5 John., 122; 9 *Ga.*, 149; 1 John. Ch., 367: 1 Swift's Dig., 75; 2 Conn., 252; 8 *Ib.*, 412; 45 *Ga.*, 41.

WARNER, Chief Justice.

This was a bill filed by the complainants against the de fendants, with a prayer for an injunction, on the allegations contained therein. The chancellor, after considering the same, the answers of the defendants thereto, and the affidavits filed by the respective parties, refused to grant the injunction. Whereupon the complainants excepted.

The ground of equity alleged in the complainants' bill is that certain directors and shareholders in its company have received a large amount of rents arising from the use of the corporate property, and have applied the same to a claim of their own under a contract of forbearance to enforce the judgment therein set forth, and that said contract is usurious, and the prayer of the bill is that said directors and shareholders may be decreed to account for the usurious interest received by them under said alleged usurious contract, and that the same may be credited on the judgment against the complainants. There is no question of usury in the case, for the simple reason that said directors and shareholders of the company were the agents and *quasi* trustees of the corporation, and had no power or authority under its charter to make an illegal, usurious contract which would bind the corporation or its assets. Therefore, when the complainants shall pay on the judgment what is apparently due thereon over and above what is apparently due by the defendants on account of the corporate assets received by them (to be judged of by the chancellor), then let the sale of the property be enjoined until the defendants shall fully account for the assets of the corporation received by them, that the same

may be applied in payment of the judgment. Let the judgment of the court below be reversed, with directions as hereinbefore indicated.

Judgment reversed.